B5 (Official Form 5) (12/07)     FORM 5. INVOLUNTARY PETITION

## United States Bankruptcy Court
### District of Delaware

**INVOLUNTARY PETITION**

| IN RE (Name of Debtor - If Individual: Last, First, Middle) | ALL OTHER NAMES used by debtor in the last 8 years (Include married, maiden, and trade names.) |
|---|---|
| DBSI Investments Limited Partnership | DBSI Properties Company Limited Partnership |

Last four digits of Social-Security or other Individual's Tax-ID No./Complete EIN (If more than one, state all.)
82-0474849

| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code) | MAILING ADDRESS OF DEBTOR (If different from street address) |
|---|---|
| 12426 West Explorer Drive<br>Boise, ID 83713 | |

COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS
Ada

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)
Idaho

**CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED**
☐ Chapter 7    ■ Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

**Nature of Debts** (Check one box)
Petitioners believe:
☐ Debts are primarily consumer debts
■ Debts are primarily business debts

**Type of Debtor** (Form of Organization)
☐ Individual (Includes Joint Debtor)
☐ Corporation (Includes LLC and LLP)
■ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)
_____

**Nature of Business** (Check one box)
☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**VENUE**
☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
■ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District.

**FILING FEE** (Check one box)
■ Full Filing Fee attached
☐ Petitioner is a child suport creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.
*[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]*

**PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR** (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| DBSI Inc. | 08-12687 | November 10, 2008 |
| **Relationship** | **District** | **Judge** |
| Class B General Partner | Delaware | Peter J. Walsh |

### ALLEGATIONS
(Check applicable boxes)

COURT USE ONLY

1. ■ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b).
2. ■ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a. ■ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;
        or
3.b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

## TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X /s/ James R. Zazzali (See Appendix A)
Signature of Petitioner or Representative (State title)

DBSI Inc.                                June 30, 2010
Name of Petitioner                       Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity:
James R. Zazzali (See Appendix A)
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310

X /s/ William R. Firth, III            June 30, 2010
Signature of Attorney                  Date

William R. Firth, III
Name of Attorney Firm (If any)

Gibbons P.C.
1000 N. West Street, Suite 1200
Wilmington, DE 19801-1058
Address
Telephone No. 302-295-4875

X _____
Signature of Petitioner or Representative (State title)

_____    _____
Name of Petitioner           Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity

X _____
Signature of Attorney       Date

_____
Name of Attorney Firm (If any)

_____
Address
Telephone No. _____

X _____
Signature of Petitioner or Representative (State title)

_____    _____
Name of Petitioner           Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity

X _____
Signature of Attorney       Date

_____
Name of Attorney Firm (If any)

_____
Address
Telephone No. _____

## PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| DBSI Inc.<br>12426 West Explorer Drive<br>Boise, ID 83713 | Petitioner is the Class B general partner of the debtor with standing to file this involuntary petition pursuant to 11 U.S.C. §303(b)(3)(A) | 0.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims<br>0.00 |

___0___ continuation sheets attached

INVOLUNTARY PETITION FOR DBSI INVESTMENTS LIMITED PARTNERSHIP

This involuntary petition for DBSI Investments Limited Partnership ("DBSI Investments") is signed by James R. Zazzali, not in his individual capacity, but as trustee ("Trustee") for DBSI, Inc. ("DBSI") and its affiliated chapter 11 debtors (the "Debtors") in voluntary cases commenced on or after November 6, 2008, which cases are jointly administered under lead Case No. 08-12687 (PJW).[1] DBSI Investments, which is a holding company for equity interests in several older limited partnerships and certain technology companies, has two classes of general partners: Class A General Partners and Class B General Partners. Douglas L. Swenson, Charles E. Hassard and John M. Mayeron are the Class A General Partners. DBSI is the sole Class B General Partner and, accordingly, has standing to commence this case pursuant to 11 U.S.C. § 303(b)(3)(A).

The Trustee has concluded that, consistent with the Examiner's First Interim and Final Reports [Docket Nos. 4159 and 4544, respectively], DBSI ran its businesses and entities as a unified enterprise under common ownership and control. A small group of insiders employed that control to raise cash, commingle it, and then distribute it to themselves and as needs presented, without regard for source or restrictions on use.

During the course of his examination of the Debtors, the Examiner investigated payments, transfers and consideration provided to individuals identified as "Insiders" of the Debtors from the period beginning in 2000 and continuing up to and through the Petition Date (the "Insider Payment Period"). For purposes of his Final Report, the following individuals, among others, were identified as possible "Insiders" as that term is defined under the Bankruptcy Code: Swenson, Hassard, Mayeron, Walter Mott, and John Foster (collectively, the "Insiders"). Walter Mott and John Foster are the plaintiffs in the Idaho Actions as defined below.

The Examiner determined that the Insiders received $75,139,544 of direct and indirect cash payments ("Transfers") from the Debtors during the Insider Payment Period. The Transfers, more than half of which went to Swenson, include distributions, payments to and for the benefit of the Insiders, bonuses, salary, interest on and liquidation of personal bond investments, and redemption of ownership interests. The Examiner prepared detailed schedules for each individual listing the Transfers received during the Insider Payment Period. Those schedules are attached to the Examiner's Final Report as Appendix 6.

According to the Examiner, a significant portion of the Insider distributions were made through DBSI Investments. Unlike the original DBSI companies, which were S Corporations, DBSI Investments was a partnership and was permitted to make disproportionate distributions to its owners. For that reason, the Examiner found that DBSI Investments (which had little or no revenue of its own during the Insider Payment Period) was used as a conduit through which distributions were made to Insiders. The

---

[1] A Schedule listing the affiliated chapter 11 cases is attached hereto.

Examiner found that from its inception in 1994 through 2007, DBSI Investments paid more than $17 million to the Insiders, most of which was transferred after 2000.

DBSI Investments is currently a defendant in two lawsuits commenced by two Insiders—Mott and Foster—in the District Court for the Fourth Judicial District of Idaho for the County of Ada ("Idaho State Court") naming only DBSI Investments as a defendant and excluding DBSI Redemption Reserve Fund ("DRR"), Investments' largest known creditor. Mott and Foster seek, among other things, to recover unpaid sums under certain redemption agreements (the "Idaho Actions").

The Trustee has concluded that there is a significant likelihood that DBSI Investments' assets came from DRR by way of DBSI and other sources—such as investors in note and bond offerings and purchasers of TIC interests—and that those assets that flowed through DBSI Investments therefore constitute property of the Debtors' estates. The Trustee is concerned that by suing DBSI Investments in Idaho State Court and seeking entry of summary judgment against DBSI Investments, the plaintiffs in the Idaho Actions are attempting to create a defense to their exposure on avoidance actions in the Debtors' bankruptcy cases. Accordingly, the Trustee has determined that it is necessary to seek relief for DBSI Investments under the Bankruptcy Code in order to stay the Idaho Actions for the benefit of the Debtors' estates and their creditors.

This petition is filed under Section 303 of the Bankruptcy Code because Insiders Swenson, Hassard and Mayeron, who are also the Class A General Partners of DBSI Investments, have refused to consent to a voluntary filing. Pursuant to section 5.1 of the *Amended and Restated Partnership Agreement of DBSI Properties Company Limited Partnership* effective January 1, 2005, as amended (the "Partnership Agreement"), the Class A General Partners have no management rights regarding the partnership except for the Major Decisions (as defined in the Partnership Agreement) set forth in section 10.2 of the Partnership Agreement. Commencement of a voluntary bankruptcy case is one of the Major Decisions that requires the Majority Approval of the Class B General Partners (DBSI) and the Class A General Partners.

The Trustee previously sought the approval of each of the Class A General Partners to commence a voluntary bankruptcy case for DBSI Investments. However, as shown in the Examiners' Reports, because each of the Class A General Partners has received significant transfers from DBSI Investments that are either void or avoidable under applicable law, they have conflicts of interest that prevent them from properly exercising their fiduciary duty on behalf of DBSI Investments' creditors and consenting to a voluntary petition for relief. The Trustee believes that the Class A General Partners' refusal to consent to a voluntary petition on a timely basis constitutes a denial of consent. Absent the Class A General Partners' consent, the Trustee is commencing this case as an involuntary case under 11 U.S.C. § 303(b)(3)(A) and will be moving in the near term for the conversion of this case to a voluntary case, among other relief.

# Schedule of Affiliated Chapter 11 Debtors

| DEBTOR | CASE NO. | PETITION DATE |
|---|---|---|
| One-Executive Tower LLC | 08-12666 | 11/6/2008 |
| DBSI Inc. | 08-12687 | 11/10/2008 |
| DBSI 2001A Funding Corporation | 08-12694 | 11/10/2008 |
| DBSI 2001B Funding Corporation | 08-12695 | 11/10/2008 |
| DBSI 2001C Funding Corporation | 08-12696 | 11/10/2008 |
| DBSI 2005 Secured Notes Corporation | 08-12697 | 11/10/2008 |
| DBSI 2006 Secured Notes Corporation | 08-12698 | 11/10/2008 |
| DBSI 2008 Notes Corporation | 08-12699 | 11/10/2008 |
| DBSI Guaranteed Capital Corporation | 08-12737 | 11/10/2008 |
| DBSI Properties Inc. | 08-12776 | 11/10/2008 |
| DBSI Real Estate Funding Corporation | 08-12777 | 11/10/2008 |
| DBSI Realty Inc. | 08-12778 | 11/10/2008 |
| DBSI Securities Corporation | 08-12782 | 11/10/2008 |
| DCJ Inc. | 08-12811 | 11/10/2008 |
| FOR 1031 LLC | 08-12813 | 11/10/2008 |
| Spectrus Real Estate Inc. | 08-12814 | 11/10/2008 |
| DBSI Copperfield Timbercreek LeaseCo LLC | 08-12816 | 11/10/2008 |
| DBSI Asset Management LLC | 08-12821 | 11/10/2008 |
| DBSI 2006 Land Opportunity Fund LLC | 08-12822 | 11/10/2008 |
| DBSI Shoppes at Trammel LLC | 08-12823 | 11/10/2008 |
| DBSI 2007 Land Improvement & Development Fund LLC | 08-12824 | 11/10/2008 |
| DBSI 2008 Land Option Fund LLC | 08-12825 | 11/10/2008 |
| DBSI Alma/121 Office Commons LLC | 08-12826 | 11/10/2008 |
| DBSI Cottonwood Plaza Development LLC | 08-12827 | 11/10/2008 |
| DBSI Draper Technology 21 LLC | 08-12828 | 11/10/2008 |
| DBSI Escala LLC | 08-12829 | 11/10/2008 |

| DEBTOR | CASE NO. | PETITION DATE |
|---|---|---|
| DBSI Short-Term Development Fund LLC | 08-12830 | 11/10/2008 |
| DBSI Telecom Office LLC | 08-12831 | 11/10/2008 |
| DBSI Discovery Real Estate Services LLC | 08-12834 | 11/10/2009 |
| DBSI/Western Technologies LLC | 08-13307 | 12/12/2008 |
| Belton Town Center Acquisition LLC | 09-10034 | 1/6/2009 |
| DBSI Broadway Plaza LeaseCo LLC^^^ | 09-10035 | 1/6/2009 |
| DBSI Development Services LLC | 09-10037 | 1/6/2009 |
| DBSI Flowood Plaza LLC | 09-10038 | 1/6/2009 |
| DBSI Land Development LLC | 09-10039 | 1/6/2009 |
| DBSE Lexington LLC | 09-10040 | 1/6/2009 |
| DBSI Meridian 184 LLC | 09-10041 | 1/6/2009 |
| DBSI One Hernando Center North LLC | 09-10042 | 1/6/2009 |
| South Cavanaugh LLC | 09-10044 | 1/6/2009 |
| DBSI 121/Alma Land L.P. | 09-10045 | 1/6/2009 |
| DBSI 121/Alma LLC | 09-10046 | 1/6/2009 |
| FOR 1031 Broadway Plaza LLC | 09-10080 | 1/9/2009 |
| Florissant Market Place Acquisition LLC | 09-10081 | 1/9/2009 |
| FOR 1031 Brookhollow One LLC | 09-10262 | 1/26/2009 |
| DBSI Brookhollow One LLC | 09-10263 | 1/26/2009 |
| DBSI Lone Peak Parkway LLC | 09-10264 | 1/26/2009 |
| DBSI Lansdowne I LP | 09-10276 | 1/28/2009 |
| DBSI Surprise Farms LLC | 09-10409 | 3/9/2009 |
| Kastera Snake River 94 LLC | 09-10987 | 3/20/2009 |
| DBSI 2008 Development Opportunity Fund LLC | 09-11624 | 5/8/2009 |
| DBSI E-470 East LLC | 09-12117 | 6/18/2009 |
| DBSI Colony West Development LLC | 10-10768 | 3/3/2010 |